UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS L. WOODS and
LEONA WOODS,

    Plaintiffs,

v.                                                                                          Case No. 06-12002

UNITED STATES POSTAL SERVICE,          HONORABLE AVERN COHN

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**[1]

I.

This is an employment case. Plaintiffs are proceeding pro se. Plaintiff Thomas L. Woods (Woods) is a former employee of defendant, the United States Postal Service (the government). He most recently held the position of a supervisor of customer service at a Troy, Michigan post office. Woods and his wife, Leona Woods, are suing the government essentially claiming that his termination was unlawful.

Before the Court is the government's motion to dismiss on the grounds of lack of subject matter jurisdiction and for failure to state a claim. For the reasons that follow, the motion is GRANTED and this case is DISMISSED.

---

[1]Upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

II.

From November 2003 to January of 2004, the postal service conducted an investigation into allegations of falsification of time keeping. As a result of the investigation, Woods was charged with "Falsification of Time Records, Failure to Properly Discharge His Supervisory Duties and Unacceptable Conduct." He was terminated on March 26, 2004. Woods filed an appeal with the Merit Systems Protection Board (MPSB). Following a hearing, on August 26, 2004, an administrative judge of the MSPB issued an initial decision affirming the charges and the termination. Woods filed a petition for review. On June 8, 2005, the MSPB issued a "Final Order" denying Woods' petition. The order contains specific instructions regarding Woods' appeal rights, stating in relevant part:

> You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:
> United States Court of Appeals
>  for the Federal Circuit
>  717 Madison Place, N.W.
>  Washington, DC 20439
>
> The court must receive your request for review no later than 60 calendat days after your receipt of this order.

Woods did not file a request for review in the Federal Circuit. Instead, eleven months later, he filed the instant action in federal district court.

III.

The government has moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Rule 12(b)(1) provides for dismissal for lack of jurisdiction over the subject matter, while Rule 12(b)(6) addresses the failure to state a claim upon which relief may

2

be granted.  A motion to dismiss may only be granted "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle to him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Additionally, the Court must take a plaintiff's well-pleaded allegations as true.  Mire v. DeKalb County, 433 U.S. 25, 27 n.1 (1977).

IV.

The government says that the Court of Appeals for the Federal Circuit has exclusive jurisdiction to review decisions of the MSPB and therefore this Court lacks subject matter jurisdiction.  Woods argues that he was denied "procedural due process" and therefore his case should not be dismissed.  Wood's argument is unavailing, however, because as stated in the final order from the MSPB, any appeal from the MSPB's decision must be filed in the Court of Appeals for the Federal Circuit within sixty days.  Woods did not do so.  A district court is not the proper forum to consider a challenge to Wood's termination.  As such, the Court lacks jurisdiction and the complaint must be dismissed on this ground.

The complaint must also be dismissed for failure to state a claim.  Woods claims violations of the National Labor Relations Act, the Federal Labor Relations Act, as well as violations of the Fifth and Fourteenth Amendments.  He also claims race discrimination.  The complaint does not contain any allegations to support these claims.  Moreover, to the extent that Woods is claiming his termination was related to his race, federal law provides that such a claim can be brought in a federal district court.  However, the claim must be brought within thirty (30) days from the MSPB's order and may only be filed if the MSPB actually considered a claim of discrimination.  See 5

3

U.S.C. § 7702(a) and (b)(2).  Woods did not raise a claim of discrimination before it; no such claim was addressed in its decision.  At best, this claim was not exhausted.  In any event, it was not timely filed.  Finally, although Leona Woods is named as a plaintiff, the complaint does not contain any allegations related to her.

    SO ORDERED.


Dated:  July 17, 2006                          s/Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the parties of record, Thomas and Leona Woods, 19434 Manor, Detroit, MI 48221 on this date, July 17, 2006, by electronic and/or ordinary mail.

                                                  s/Julie Owens
                                                  Case Manager, (313) 234-5160